Gilman *v.* Redington.

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Brady* and *Daniels,* Justices.]

(*a*) *S. C.,* reported very briefly, 4 *Hun,* 666.

---

GILMAN, executrix, &c., *vs.* REDINGTON and others.

On appeal from an order of a surrogate, the costs which may be awarded under section 318 of the Code, are only those which may be recovered in an action at issue on a question of law, from the time the proceeding is brought into this court, namely, $20 for the argument, and $10 for each term the appeal is necessarily on the calendar, exclusive of the term at which it is argued.

The case of *Morgan* v. *Morgan* (1 *Ab., N.S.,* 40,) approved.

APPEAL, by the plaintiff, from an order of the Special Term, retaxing costs. (*S. C., briefly reported,* 4 *Hun,* 640.)

*Wellesley W. Sage*, for the appellant.

*C. E. Whitehead*, for the respondent.

*By the Court*, BRADY, J.   The principles governing this appeal are well stated by MULLIN, J., in the case of *Morgan* v. *Morgan*, (1 *Abb.*, *N.S.*, 40,) and we accept the result arrived at in that case, so far as it goes.   The learned justice did not consider whether the appellant was entitled to the term fees.   Indeed the question was not presented to him.   If the successful party is entitled to the sum of $20 for the trial of an issue of law he is clearly entitled, under subdivision seven, of section 307 of the Code, to the term fees not to exceed five, for every term the appeal is necessarily on the calendar and not tried, &c.

Such a conclusion would assimilate the proceeding to that of an issue of law which goes upon the calendar to be called and considered at the Special Term.

If we depart from the views of Justice MULLIN, we must interpolate in the Code (section 318) the words " on appeal" after the words "an action at issue on a question of law."   Such was not the intention of the legislature by the section named.   It was, as the language of the section implies, designed to give only such costs on such proceedings in this court as were allowed in the class of issues specifically named, and only from the time such proceedings were brought into this court.

The right to costs begins from the time mentioned, and therefore the successful party is not entitled to any allowance for proceedings anterior to that time.   The issue is framed in the court below, and is to be determined on the papers presented, as the question to be considered is one eliminated by such papers, and nothing can be added to them.

Having arrived at these conclusions, it follows that on appeals of this character the costs which may be

awarded under section 318 are only those which may be recovered in an action at issue on a question of law, from the time the proceeding is brought into this court, namely, $20 for the argument, and $10 for each term the appeal is necessarily on the calendar, and the disbursments.

The respondents are entitled, on these principles, to $20 for the argument and $20 for two terms fees.

The proceeding was on the calendar for three terms, but argued at the last of them, and no term fee is allowed, under the statute, for that term. The trial fee is then earned. (*Sub.* 7, *of sec.* 307.) The order made at Special Term must be modified to meet these views.

No costs to either party on this appeal.

Order modified and affirmed.

[First Department, General Term at New York, May 3, 1875. *Davis, Brady* and *Daniels,* Justices.]